# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 22-CVS-3741 |
|---|---|
| FORSYTH County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER

**Address**
c/o Jonathan C. Krisko, 101 North Tryon Street, Suite 1900

**City, State, Zip**
Charlotte NC 28246

**VERSUS**

**Name Of Defendant(s)**
ENVIGO RMS, LLC

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Envigo RMS, LLC
c/o Corporation Service Company, its registered agent
2626 Glenwood Avenue, Suite 550
Raleigh NC 27608

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Jonathan C. Krisko
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte NC 28246

**Date Issued:** 8-10-2022 **Time:** 2:25 ☐ AM ☒ PM
**Signature:** A. Wolvester
☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** **Time** ☐ AM ☐ PM
**Signature**
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| RETURN OF SERVICE | | | |
|---|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: | | | |
| **DEFENDANT 1** | | | |
| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| **DEFENDANT 2** | | | |
|---|---|---|---|
| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received  AUG 10 2022 | Name Of Sheriff (type or print) GERALD M. BAKER, SHERIFF |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 22-CVS-3741 |
|---|---|---|
| FORSYTH County FILED | | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

2022 AUG 10 P 2:24

FORSYTH CO., C.S.C.
BY (signature)

**Name And Address Of Plaintiff 1**
WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER
c/o Jonathan C. Krisko
101 North Tryon Street, Suite 1900
Charlotte NC 28246

**Name And Address Of Plaintiff 2**

## GENERAL CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

**VERSUS**

**Name And Address Of Defendant 1**
ENVIGO RMS, LLC
c/o Corporation Service Company, its registered agent
2626 Glenwood Avenue, Suite 550
Raleigh NC 27608

Summons Submitted ☒ Yes ☐ No

**Name And Address Of Defendant 2**

Summons Submitted ☐ Yes ☐ No

**Name And Address Of Attorney Or Party, If Not Represented**
Jonathan C. Krisko
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon Street, Suite 1900
Charlotte NC 28246

Telephone No. (704) 377-8314
Cellular Telephone No.
NC Attorney Bar No. 28625
Attorney Email Address: jkrisko@robinsonbradshaw.com

☒ Initial Appearance in Case  ☐ Change of Address

Name Of Firm: Robinson, Bradshaw & Hinson, P.A.
Fax No. (704) 373-3914

**Counsel For**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☐ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

Case 1:22-cv-00766-LCB-JLW   Document 1-1   Filed 09/13/22   Page 4 of 15

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | Breach of Express Warranties |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | Breach of Implied Warranties |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 08/10/2022 | *Jonathan C. Krisko* |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF FORSYTH      2022 AUG 10 P 2:25   22-CVS-3741

WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER,

    Plaintiff,

vs.

ENVIGO RMS, LLC,

    Defendant.

COMPLAINT
[JURY TRIAL DEMANDED]

Plaintiff Wake Forest University Baptist Medical Center ("Plaintiff"), for its Complaint against Defendant Envigo RMS, LLC ("Envigo"), alleges the following:

## NATURE OF ACTION

1. This action arises from Envigo's supply of defective products to Plaintiff.

2. Plaintiff ordered Envigo Teklad diets, specially formulated for lab animals, to feed mice involved in important medical research. Unbeknownst to Plaintiff, some of the Teklad diets it received from Envigo lacked sufficient thiamin, an essential dietary nutrient.

3. As a direct and proximate result of Envigo's actions, Plaintiff's lab animals failed to develop physical characteristics required for research purposes. Some suffered severe health effects and had to be euthanized. The defects in Envigo's products and the negative health impacts on the mice significantly interrupted Plaintiff's medical research and resulted in substantial financial losses.

4. Envigo acknowledges that it supplied defective products but has refused to fully compensate Plaintiff for its losses.

5. By this action, Plaintiff seeks to recover damages for the injuries sustained as a result of Envigo's breach of warranties.

## PARTIES AND JURISDICTION

6. Plaintiff Wake Forest University Baptist Medical Center is a North Carolina nonprofit corporation with its principal and registered offices in Winston-Salem, North Carolina.

7. Defendant Envigo is a Delaware limited liability company with its principal and registered offices in Indianapolis, Indiana. Envigo is registered to do business in and maintains a registered agent in North Carolina.

8. This Court has personal jurisdiction over Envigo pursuant to N.C. Gen. Stat. §§ 1-75.4(1)(d), 1-75.4(4), and 1-75.4(5).

9. The exercise of personal jurisdiction over Envigo in this action is consistent with principles of due process. Envigo purposefully availed itself of the privilege of conducting business within North Carolina, and Plaintiff's claims arise out of and relate to Envigo's significant contacts with North Carolina.

10. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-80.

11. The amount in controversy exceeds $25,000.

## FACTUAL ALLEGATIONS

A. **Envigo Teklad Products**

12. Envigo manufactures and sells Teklad products, including a line of diets intended for feeding lab animals. Envigo's Teklad offerings include standard natural ingredient diets, medicated diets, and custom research diets.

13. Envigo's Teklad diets are specifically formulated and intended for feeding animals used in scientific research. As explained on Envigo's website, "Laboratory animal diets have been

2

recognized as an important variable that can affect the responses of research models. That's why researchers count on Teklad laboratory animal diets to ensure reliable, repeatable research results." Teklad laboratory animal diets (last visited August 10, 2022), https://www.envigo.com/laboratory-animal-diets.

14. Envigo invites customers to consult with its "experienced nutritionists," who can help "[p]rovide sound nutrition for laboratory animals to meet any study objective" and "[d]etermine the best formulation for your research purpose." *Id.* Envigo advertises its "40+ years of experience manufacturing laboratory animal diets" and its ability to help customers "minimize dietary confounding variables" in their research. *Id.*

**B.     Dr. McClain's Research and the Affected Cohorts**

15. Wake Forest University Health Sciences is part of Plaintiff Wake Forest University Baptist Medical Center and operates the Wake Forest University School of Medicine.

16. Dr. Donald A. McClain is a Professor of Medicine at Wake Forest University School of Medicine. Dr. McClain has been conducting diabetes research since 1990, and at Wake Forest University since 2015 pursuant to multiple federal grants. As part of Dr. McClain's decades-long diabetes research, his lab studies the effects of varying levels of iron intake on mice receiving high-fat diets.

17. Dr. McClain has used Envigo diet products since 2016 to feed mice used in his scientific research. Envigo has shipped these products to Dr. McClain's lab in Winston-Salem, North Carolina.

18. Envigo's defective products affected three cohorts (the "Affected Cohorts") of mice involved in Dr. McClain's diabetes study. All of the mice in the Affected Cohorts received Teklad diets during the course of the study.

3

a. Cohort 1 included 29 mice born in August and September of 2020. They started receiving Teklad diets on or around November 23, 2020.

b. Cohort 2 included 19 mice born in September, October, and November of 2020. They started receiving Teklad diets on or around December 10, 2020.

c. Cohort 3 included 25 mice born in October and November of 2020. They started receiving Teklad diets on or around either November 9, 2020 or December 10, 2020.

19. The Teklad diets that the Affected Cohorts initially received were not, to Plaintiff's knowledge, defective. During the time the Affected Cohorts received the non-defective diets, they appeared to be healthy and gaining weight as required for Dr. McClain's research purposes.

20. The Teklad diets that Dr. McClain's lab ordered from Envigo and fed to the Affected Cohorts were intended for special research purposes. They were specifically formulated to contain high levels of fat with varying levels of iron. These high-fat diets were intended not only to provide nutrients sufficient to sustain the life and health of the mice, but also to cause the mice to gain weight and develop diabetes.

## C. Plaintiff Ordered Additional Teklad Diet Products in December 2020

21. On December 30, 2020, Plaintiff sent a Purchase Order (No. 2021018561) to Envigo offering to buy three different Teklad diet products to continue feeding the mice in the Affected Cohorts. The December 30 Purchase Order requested TD.140525, TD.140526, TD.140527, all of which are custom Teklad diets specially formulated for scientific research purposes. All of these diets are high in fat, but each contains a different amount of iron.

22. The Purchase Order noted that the transaction would be subject to Plaintiff's standard purchase order terms and conditions (the "WFUBMC Terms").

4

23. On or around January 22, 2021, Plaintiff received the Teklad diets referenced in the December 30 Purchase Order. Envigo shipped the products to Plaintiff in Winston-Salem, North Carolina, and Plaintiff paid for them.

24. Shortly after receiving the Teklad diets on or around January 22, 2021, Dr. McClain's lab started feeding these diets to the mice in the Affected Cohorts.

### D. The Teklad Diets Delivered in January 2021 Were Defective

25. On March 8, 2021, Envigo sent a letter notifying Plaintiff that the Teklad diets shipped to Plaintiff on or around January 22, 2021 were defective. In particular, the TD.140525, TD.140526, and TD.140527 diets from the January 22, 2021 shipment lacked the appropriate amount of supplemental thiamin.

26. The defects in the Teklad diets were not readily apparent and could not have been discovered upon ordinary inspection. Plaintiff had no reasonable means of ascertaining that the Teklad diets received on or around January 22, 2021 were lacking in thiamin or otherwise unfit for consumption.

27. The defective diets that Plaintiff received on or around January 22, 2021 were not fit for their ordinary purpose. As Envigo acknowledged in its March 8 letter, thiamin is an essential nutrient. Without sufficient thiamin, the defective diets were insufficient to provide nutrients needed to sustain the life and health of the mice.

28. The defective diets also were not fit for the particular purpose for which Plaintiff purchased them. Plaintiff ordered high-fat custom Teklad diets for the purpose of causing the mice in the Affected Cohorts to gain weight and develop diabetes. Because they were not receiving sufficient dietary thiamin from these products, the mice in the Affected Cohorts could not achieve the necessary physiological developments.

5

29. Given its experience and expertise as a manufacturer and supplier of diets specifically for animal studies, Envigo knew or should have known that Plaintiff purchased the high-fat diets for this particular research purpose and that Plaintiff was relying on Envigo to supply products that met its particular requirements.

30. In addition, the defective products failed to conform to Envigo's specifications. Envigo provided Plaintiff with the product specifications for TD.140525, TD.140526, and TD.140527. These specifications indicate that each of these Teklad custom diets should contain 10.0 g/Kg of Vitamin Mix, Teklad (40060). The specifications for Vitamin Mix CA.40060, in turn, indicate that it should contain 2.206 g/Kg of Thiamin (81%).

### E. Plaintiff Incurred Losses as a Result of the Defective Teklad Diets

31. Envigo's March 8, 2021 notice of defect came too late. By the time Plaintiff received the notice, it had been feeding defective Teklad diets to the Affected Cohorts for many weeks. At this point, the damage to the mice—and Dr. McClain's study—was already done.

32. All of the mice in the Affected Cohorts experienced adverse effects from the defective Teklad diets. The mice in the Affected Cohorts failed to gain weight and failed to develop diabetes as necessary for purposes of Dr. McClain's research. The mice receiving the low-iron diets (TD.140525) had to be euthanized.

33. Ultimately, because of the thiamin deficiency in the defective products, Dr. McClain's lab could not use any of the data collected from the Affected Cohorts. All of the resources that Plaintiff dedicated to the mice in the Affected Cohorts were wasted.

34. Plaintiff's losses include the cost expended to acquire each mouse in the Affected Cohorts and the daily "cage costs" of housing each mouse.

6

35. Plaintiff's losses also include labor costs expended on the Affected Cohorts, which failed to produce usable scientific data. The lab employed two workers to help with the studies. The mice in the Affected Cohorts were the lab's main focus during this time period, including calculating drug dosing based on food intake, glucose tolerance testing, weight observation, and tissue analyses.

36. In addition, Plaintiff's losses include the costs of reagents used to study the Affected Cohorts.

37. Because of the research interruption and the lack of progress occasioned by the defective Teklad diets, Dr. McClain's federal research grant lapsed. As a result, Plaintiff and Dr. McClain are without crucial funding to support this important medical research.

38. Envigo knew or should have known that Dr. McClain's lab was using Teklad diets to feed mice for particular research-related purposes and could reasonably anticipate that supplying defective Teklad products would result in the injuries and losses detailed above.

39. Because Envigo holds itself out to customers as a manufacturer and seller of products specially designed for research purposes, Envigo could reasonably anticipate that supplying defective Teklad products would result in the injuries and losses detailed above.

**F.   Plaintiff Notified Envigo of its Losses**

40. On December 30, 2021, after discovering the full impact of the defective products on Dr. McClain's research, Plaintiff sent a claim letter notifying Envigo of its losses, including the specific categories and amounts of damages it suffered.

41. Despite receiving this and other notices, Envigo has refused to provide compensation for Plaintiff's losses.

7

## FIRST CLAIM FOR RELIEF
[Breach of Express Warranties]

42. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

43. Under the WFUBMC Terms, Envigo expressly warranted that the Teklad diets Plaintiff received on or around January 22, 2021 were of merchantable quality and fit for the purposes for which Plaintiff purchased them.

44. In addition, through its promises and affirmations regarding its product characteristics, experience, and expertise in the field of lab animal nutrition, Envigo expressly warranted that it would supply Teklad diets that conformed to its specifications and were fit to serve the particular research needs for which Plaintiff purchased them.

45. Plaintiff, in reliance on Envigo's express warranties and its experience and judgment in the manufacture and sale of diets for lab animals in scientific research, bought the Teklad diet products received on or around January 22, 2021. Plaintiff proceeded with this transaction with the understanding that the Teklad diets would be merchantable, would be fit for their intended purposes, and would conform to Envigo's product specifications.

46. Envigo knew or had reason to know that the products would be used for these purposes and that Plaintiff was relying on Envigo's skill to furnish suitable goods.

47. Envigo breached these express warranties by providing defective Teklad diets that lacked sufficient thiamin.

48. As a direct, foreseeable, and proximate result of Envigo's breach of its express warranties, Plaintiff suffered injuries, including harm to the mice in the Affected Cohorts and losses flowing from such harm.

8

49. Plaintiff is entitled to damages flowing from Envigo's breach, including compensatory, incidental, and consequential damages.

## SECOND CLAIM FOR RELIEF
[Breach of the Implied Warranties]

50. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

51. Envigo impliedly warranted that the Teklad diets Plaintiff received on or around January 22, 2021 were merchantable and fit for the particular purposes for which Plaintiff purchased them.

52. Plaintiff, in reliance on Envigo's implied warranties and its experience and judgment in the manufacture and sale of diets for lab animals in scientific research, bought the Teklad diet products received on or around January 22, 2021. Plaintiff proceeded with this transaction with the understanding that the Teklad diets would be merchantable and fit for their intended purposes.

53. Envigo breached these implied warranties by providing defective Teklad diets that lacked sufficient thiamin.

54. As a direct, foreseeable, and proximate result of Envigo's breach of its implied warranties, Plaintiff suffered injuries, including harm to the mice in the Affected Cohorts and losses flowing from such harm.

55. Plaintiff is entitled to damages flowing from Envigo's breach, including compensatory, incidental, and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Enter judgment in favor of Plaintiff and against Envigo on all claims;

B. Award Plaintiff damages, including compensatory, consequential, and incidental damages for the losses described herein, in an amount in excess of $25,000;

C. Order that Envigo be taxed with the costs of this action;

D. Provide a trial by jury on all issues so triable;

E. Award Plaintiff such other and further relief as the Court deems just and proper.

This the 10th day of August, 2022.

*Jonathan C. Krisko*
Jonathan C. Krisko
N.C. State Bar No. 28625
jkrisko@robinsonbradshaw.com
Patrick H. Hill
N.C. Bar No. 57755
phill@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon St., Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536

***Attorneys for Plaintiff***